VICENTE AGUON, Plaintiff

v.

PHILLIP TAIJERON, EARL AGUIGUI, THE
GOVERNMENT OF GUAM and DOE INSURANCE CO.
Defendants

Civil No. 785-77
Superior Court of Guam
March 20, 1980

- - - - -

- - - - -

RAKER, Judge

## DECISION AND ORDER

This matter came before the Court on defendant's summary judgment motion and motion to dismiss. Defendant was represented by Assistant Attorney General Roger Willmeth, the plaintiff was represented by Timothy Stewart. The motions were heard by Judge John P. Raker and decision was reserved.

Defendant's motion to dismiss is based on §6500.10 of the Government Claims Act, which defendant argues divests the Court of jurisdiction over counts one and two of the first cause of action, count one of the third cause of action, counts one and two of the fourth cause of action and counts one and two of the fifth cause of action.

The Court first will examine this claim as regards the first and third causes of action. The first cause of action sounds in negligence, count one against defendant Taijeron and count two against defendant Aguigui. Plaintiff has plead $200.00 in damages on each count. The third cause of action is against defendant Taijeron for negligent supervision and claims $400,000 in damages. Each of these counts are against an individual defendant government employee and plead in excess of $100,000 damages.

It is defendant's position that the Court lacks jurisdiction as Government Code §6500.10 prohibits actions against an individual defendant once a claim has been filed pursuant to the Government Claims Act, as was done in this case. Such a position does not take into account Government Code §6500.20, which specifically allows "further proceedings against the employee" if "the Court certifies that it would have awarded the claimant more but for the limitations of 6500.13." Section 6500.13 limits the Government's liability to $100,000.00 (See Decision and Order of February 11, 1980, Paulin v. Government of Guam, Superior Court civil Case No. 842-78.) Thus all of the above counts are specifically authorized by Government Code §6500.20 as more than $100,000 is claimed, and these counts are within the jurisdiction of the Court. The motion to dismiss as to these counts is therefore DENIED.

The second claim that this Court lacks jurisdiction regards counts one and two of the fourth and fifth causes of action. These are once again against the individual named defendants, but in this instance based on allegations of intentional tort. Once again defendants base their claim that the Court lacks jurisdiction over these counts on a reading of Section 6500.10.

Guam's Government Claims Act differs from those of many other jurisdictions, for while the act waives the sovereign immunity of the territory, it does not indemnify or immunize the employee. Rather, it provides that judgment or settlement of a government claims action bars further action against the employee (6500.20). Further, the Act only covers negligent torts, and sovereign immunity is not waived for intentional wrongs of the employee.

Thus there is no possibility of a Government Claims Action based on an intentional tort, and the plaintiff has not attempted to plead such a cause of action. What plaintiff has done is

85

proceed on alternative theories; negligence against the Government (and should they prove more than $100,000 in damages against the individuals) and intentional tort against the individual. Defendants would read §6500.10 to preclude such alternative causes of action.

This reading of §6500.10 reaches an absurd result. The legislature has made the determination that it will make it possible to proceed against the territory rather than the employee on negligence claims. Thus employees are freed to some extent from concern about individual liability which make them overly cautious about their actions being found negligent and adversely affect their function as employees. The legislature determined that a similar rationale did not exist for intentional wrong doing by government employees. Yet the reading of §6500.10 urged by defendants is that simply by plaintiff's act of filing a claim with the government for alleged negligence an employee is completely immunized should it turn out that the act was intentional. Thus the act would provide absolute protection for an intentional tort-feasor, while providing a recovery against no one, and would indemnify a negligent tort-feasor to the extent of $100,000. This is a very strange result, and there is no indication that this was the intent of the legislature. Beyond creating a chilling effect on filing a claim with the government because a plaintiff would lose all should he be mistaken in his theory, this reading also creates troublesome due process problems as such an irrevocable election would have to e made before the plaintiff has the opportunity for any sort of discovery. The election would have to be made before the filing of claim, let alone a law suit.

It is the decision of this Court that any bar to a plaintiff's action against an individual tort-feasor under the Government Claims Act (Government Code §6500 et. seq.) is limited to actions which may be brought under the Claims Act, and thus does not affect an allegation of an intentional tort.

The motion to dismiss causes of action four and five is DENIED.

The final motion to be disposed of is a summary judgment motion on the second cause of action. The basis of this motion is that this cause of action for negligent hiring, training and supervision of the defendant employees is not within the scope of the claim filed by plaintiff, and thus barred. Resolution of this motion requires examination of the claim filed. The claim is for "all injuries proximately caused by the negligence... of the Government of Guam, its officers and employees, for injuries arising out of the wrongful arrest and wrongful imprisonment of claimant...said wrongful arrest and wrongful imprisonment having occurred on May 1, 1976, and May 2, 1976." This claim

for negligence of all employees resulting in these specified injuries, though broad, obviously includes negligent hiring, training and supervision of the employees involved in the incident.

Defendant relies on <u>Kauss</u> <u>v.</u> <u>Government</u> <u>of</u> <u>Guam</u>, Superior Court Case No. 680-77. But in <u>Kauss</u> summary judgment was granted where a plaintiff filed a claim for intentional acts, and later a complaint for negligence. Here there is no question that the claim and complaint sound in negligence.

The question is whether the claim is too broad, rather than too narrow as in <u>Kauss</u>. The notice of claim is not a pleading, neither is it a trap for the unwary. The claimant is not required to list his theories of recovery, but rather the facts which lead to liability. The Court notes that such a claim may often be prepared by a lay person of limited education.

If the claim gives such facts as would enable the Government to investigate its liability, it should be judged sufficient. The government has all the tools of any civil suit to refine the plaintiff's theory before trial. By this standard the plaintiffs claim, though broad, is sufficient.

The motion for summary judgment is DENIED.

IT IS SO ORDERED.